| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| __Eastern__ District of __California__ (State) |
| Case number (*If known*): _____ Chapter __11__ |

☐ Check if this is an amended filing

## Official Form 201

## Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  High Plains Mesa Holdings, LP

**2. All other names debtor used in the last 8 years**  High Plains Mesa Hldgs
   Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  20–1448853

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 9  Home Place Court | |
| Number  Street | Number  Street |
| | P.O. Box |
| Arlington  TX  76016 | |
| City  State  ZIP Code | City  State  ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Tarrant | Section 35  Township 31 Range 37 |
| County | Number  Street |
| | APN# 330-010-01-00-2 |
| | California City  CA |
| | City  State  ZIP Code |

**5. Debtor's website (URL)**  N/A

| Debtor | High Plains Mesa Holdings, LP | Case number (*if known*) |
|---|---|---|
| | Name | |

| 6. | Type of debtor | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☒ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| 7. | Describe debtor's business | A. *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C § 101(27A))
☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5 3 1 3

| 8 | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check one:* |

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

Debtor  **High Plains Mesa Holdings, LP**     Case number (*if known*) _____
       Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District _____ When _____ Case number _____
                   MM / DD / YYYY
    District _____ When _____ Case number _____
                   MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor **High Plains Mesa Management, LLC**    Relationship **Debtor's Gen Partner**
      District **Eastern District California**    When **08/11/2021**
                                                      MM / DD / YYYY
      Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                            Number    Street

                            _____
                            City                   State    ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
        Contact name _____
        Phone _____

---

**Statistical and administrative information**

Debtor  High Plains Mesa Holdings, LP  Case number (if known) _____

**13. Debtor's estimation of available funds**

Check one:
☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☒ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☒ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/10/2021
MM / DD / YYYY

X _____  Terry E. Hansen
Signature of authorized representative of debtor  Printed name

Title  Manager of Debtor's General Partner High Plains Mesa Management, LLC

Official Form 201  Voluntary Petition for Non-Individuals Filing for Bankruptcy  page 4

Debtor  **High Plains Mesa Holding, LP**
Name

Case number (*if known*) _____

**18. Signature of attorney**

✗ /s/ Gary M. Kaplan      Date 8/10/2021
Signature of attorney for debtor      MM / DD / YYYY

Gary M. Kaplan
Printed name

Farella Braun + Martel LLP
Firm name

235 Montgomery Street      17th Floor
Number    Street

San Francisco      CA      94104
City      State      ZIP Code

415-954-4940      gkaplan@fbm.com
Contact phone      Email address

155530      CA
Bar number      State

HIGH PLAINS MESA HOLDINGS, LP

RESOLUTIONS OF PARTNERS

August 10, 2021

The undersigned, being the partners (the "Partners") of High Plains Mesa Holdings, LP, a Texas limited partnership (the "Partnership"), and duly authorized to act on behalf of the Partnership, do hereby adopt the following resolutions by written consent.

WHEREAS, as a result of certain events impacting the financial condition and operations of the Partnership, the Partnership has engaged counsel to provide advice to the Partnership regarding its obligations to its creditors, partners and other interested parties; and

WHEREAS, the Partnership has reviewed the advice of the Partnership's counsel and has considered the options available to the Partnership, and has determined that, in its judgment, to preserve the value of its assets to all stakeholders it is advisable and in the best interest of the Partnership, its creditors, partners, and other interested parties that the Partnership voluntarily file a petition under Chapter 11 of Title 11, United States Code, 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code");

NOW, THEREFORE, BE IT RESOLVED, that the Partnership shall be, and hereby is, authorized to file a voluntary petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of California (the "Bankruptcy Court"); and

BE IT FURTHER RESOLVED, that Terry Hansen, a manager of High Plain Mesa Management, LLC, the general partner of the Partnership (the "Designated Officer," which term shall include any persons to whom he delegates authority to carry out any of the actions described below) shall be, and hereby is, authorized, directed and empowered on behalf of and in the name of the Partnership to execute, verify and cause to be filed the Petition and other ancillary documents required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the Bankruptcy Court; and

BE IT FURTHER RESOLVED, that the Designated Officer is hereby authorized and empowered, in the name and on behalf of the Partnership, to execute and file all petitions, schedules, statements, motions, lists, applications, pleadings, affidavits and other papers in connection with the Petition, and to seek entry of orders by the Bankruptcy Court with respect thereto, and, in connection therewith, to employ and retain assistance of legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that they deem necessary, proper or desirable in connection with, or in furtherance of, the Partnership's bankruptcy case, with a view to the successful prosecution of such case; and

BE IT FURTHER RESOLVED, that the Designated Officer shall be, and hereby is, authorized, directed and empowered on behalf of and in the name of the Partnership to take or otherwise initiate and cause, whatever actions related to such bankruptcy proceeding as the

Designated Officer may deem necessary, proper, or desirable, including the execution, verification and filing of all pleadings or other documents in connection with the Partnership's bankruptcy proceeding, entry into any agreements, opening of any bank accounts, making available any records, selling of any property (real or personal), and all other acts which may be necessary to commence and continue said bankruptcy proceeding on behalf of the Partnership; and

　　　　BE IT FURTHER RESOLVED, that the employment of the law firm of Farella Braun + Martel LLP, as attorneys for the Partnership under general retainer, shall be and hereby is approved to render legal services to, and to represent the Partnership in the bankruptcy case and in any and all related proceedings; and

　　　　BE IT FURTHER RESOLVED, that the Designated Officer of the Partnership shall be, and hereby is, authorized and directed and empowered in the name of and on behalf of the Partnership, prior to any bankruptcy filing or as debtor and debtor in possession, to negotiate, execute, and deliver such forbearance, standstill or other agreements with creditors of the Partnership or counter parties to contracts or leases with the Partnership; and

　　　　BE IT FURTHER RESOLVED, that the Designated Officer be, and hereby is, authorized, empowered and directed, in the name of and on behalf of the Partnership, to take or cause to be taken any and all actions, to make or cause to be made all payments, including payments of expenses, retainers and filing fees, to make or cause to be made all federal, state and local governmental, administrative and regulatory filings as may be required or advisable under the laws or regulations of any jurisdiction and to negotiate, enter into, execute, deliver and perform all other documents, agreements, certificates or instruments as may be necessary, appropriate, convenient or proper, in each case to effectuate the intent of, and the transactions contemplated by, the foregoing resolutions, the execution and delivery thereof by such Designated Officer to be conclusive evidence of such approval; and

　　　　BE IT FURTHER RESOLVED, that the Partnership Agreement shall be deemed amended such that the Partnership shall not be dissolved as a result of the filing of the Petition.

　　　　BE IT FURTHER RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed on behalf of the Partnership by the Designated Officer prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized by the foregoing resolutions be, and they hereby are, ratified, confirmed adopted and approved.

　　　　The undersigned being the Partners of the Partnership, and duly authorized to act on behalf of the Partnership pursuant to its Limited Partnership Agreement and applicable law.

　　　　These Resolutions may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

　　　　IN WITNESS WHEREOF, the Partners have caused these Resolutions to be executed, effective as of the date first written above.

40652\14251031.1

HIGH PLAINS MESA HOLDINGS, LP

    HIGH PLAINS MESA MANAGEMENT, LLC,
    Its General Partner

      By: _/s Terry E. Hansen_
      Name: Terry E. Hansen
      Title: Manager

      By: _/s Justin G. Child_
      Name: Justin G. Child
      Title: Manager

By: _/s Terry E. Hansen_
Name: Terry E. Hansen
Title: Limited Partner

By: /s _Thomas M. Maney_
Name: Thomas M. Maney
Title: Limited Partner

By: _/s Justin G. Child_
Name: Justin G. Child
Title: Limited Partner

40652\14251031.1