**[4 PAGES]**
Gary M. Kaplan (State Bar No. 155530)
gkaplan@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Proposed Attorneys for Debtors HIGH PLAINS
MESA HOLDINGS, LP and
HIGH PLAINS MESA MANAGEMENT, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re<br><br>HIGH PLAINS MESA HOLDINGS, LP,<br><br>        Debtor. | Case No.  2021-11970<br>Chapter 11<br>Docket Control No. GMK-1<br><br>**DECLARATION OF TERRY HANSEN IN SUPPORT OF DEBTORS' CHAPTER 11 FILINGS AND MOTION FOR JOINT ADMINISTRATION OF CASES** |

I, Terry E. Hansen, hereby declare as follows:

1.      I am the Manager of (and a member of) debtor High Plains Mesa Management, LLC, a Texas limited liability company ("HPMM"), the general partner of (and owner of a 1% limited partnership interest in) debtor High Plains Mesa Holdings, LLP, a Texas limited partnership ("HPMH," and collectively with HPMM, the "Debtors").  I submit this declaration (the "Declaration") in support of the Debtors' Chapter 11 Petitions and motion for joint administration of their Chapter 11 bankruptcy cases (the "Joint Administration Motion").  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of the Debtors' books and records, relevant documents and other information, or my opinion based on my experience with the Debtors' operations and financial condition, and am competent to testify as to the matters set forth herein.  I am authorized to submit this Declaration on behalf of the Debtors.

2.      This Declaration describes the Debtors' business and the developments that led to their filing for relief under Chapter 11 of the Bankruptcy Code, and sets forth the relevant facts supporting the Joint Administration Motion filed concurrently herewith.

**A.**     **Overview of the Debtor's Business.**

3.     HPMH owns real properties in Kern County, California comprised of: (i) approximately 640 acres of vacant land located in an unincorporated area of Kern County, having the legal description: Section 35 Township 31 Range 37 (APN 330-010-01-00-2) (the "640 Acre Parcel"), and (ii) two rental homes located at 19790 Remos Court, California City, California; and 19840 Aloha Way, California City, California (collectively, the "Rental Properties").

4.     The 640-Acre Parcel is the subject of a Solar Power Generating Facility Land Option and Purchase Agreement (the "Option and Purchase Agreement") entered into between HPMH and 69SV 8ME, LLC ("8ME") on June 30, 2016 (true and correct copy attached hereto as Exhibit 1[1]), for purposes of building, owning, operating and maintaining a solar energy generating facility.  The Option and Purchase Agreement provides for 8ME to pay specified rent for the 640-Acre Parcel and grants it an option to purchase the HPM Property within a specified period.  8ME timely gave notice of its intent to exercise the purchase option effective March 31, 2021 (which transaction is further discussed below).

5.     The Rental Properties are subject to (unwritten) lease agreements with Silver Saddle Ranch & Club, Inc. ("SSRC"), providing for SSRC to pay or be responsible for all maintenance, insurance and property taxes for the Rental Properties, as well as the California franchise fees for the Debtors, in addition to paying the property taxes for the 640-Acre Parcel.

**B.**     **Events Leading to the Chapter 11 Filing**

6.     SSRC and a number of other parties (including its principal Thomas M. Maney, a limited partner of HPMH and a member of HPMM) are named defendants in an action brought by the California Commissioner of Financial Protection and Innovation in the California Superior Court, San Diego County (the "State Court") as Case No. 37-2019-00049151-CU-MC-CTL (the "State Court Action"), primarily related to real estate investments referred to as the "Galileo Project."  Neither the Debtors nor their properties (*i.e.*, the 640-Acre Parcel and the Rental

---

[1] Exhibits are not attached to the service copy of this Declaration, but can be obtained by written request to Debtors' counsel Gary M. Kaplan (contact information on top left corner of page one).

Properties) are the subject of the claims in the State Court Action.

7.      On October 30, 2019 Order, the State Court entered its Order (1) Issuing Preliminary Injunction; (2) Freeing Assets; and (3) Confirming Appointment of a Receiver (the "Receivership Order") in the State Court Action (true and correct copy attached hereto as Exhibit 2). Among other things, the Receivership Order provides (at p. 5; emphasis added):

> Receiver is authorized and appointed to take possession of all real and personal property and assets of Defendants SILVER SADDLE COMMERCIAL DEVELOPMENT, LP; SILVER SADDLE RANCH & CLUB, INC.; THE GALILEO COMMERCIAL PROPERTY OWNERS ASSOCIATION, INC. as well as **any other entity that has conducted any business related to Defendants' offering and selling of the Galileo Project investment contracts, including receipt of assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant (hereinafter "Receivership Defendants")**, and their respective subsidiaries and affiliates, and their successors and assigns wherever situated, or to which Receivership Defendants have any right of possession, custody or control, beneficially or otherwise, irrespective of whosoever holds such assets, including all such assets which Receivership Defendants carry or maintain, or which may be received during the pendency of this receivership, in order to obtain an adequate accounting of Receivership Defendants' assets and liabilities and to secure a marshalling of said assets.

8.      On October 2, 2020, Thomas McNamara, the receiver appointed in the State Court Action (the "Receiver") gave notice to HPMH and HPMM that he determined them both to be Receivership Defendants. HPMH and HPMM opposed such determination because they were neither engaged in business related to offering and sale of the Galileo Project investments, nor owned or controlled by any of the named defendants in the State Court Action. However, pursuant to its ruling of February 11, 2021 (true and correct copy attached hereto as Exhibit 3), the State Court denied the order to show cause sought by HPMH and HPMM, and found they were properly determined to be Receivership Defendants by the Receiver.

9.      On May 13, 2021, the Receiver filed a motion in the State Court Action (true and correct copy attached hereto as Exhibit 4) seeking authority to sell (on behalf of HPMH) the 640-Acre Parel to 8 ME in accordance with the Option and Purchase Agreement (the "Receiver Sale Motion"), for a price of $4,160,000. The Receiver Sale Motion stated (on p. 1, n. 1): "At this time, the Receiver seeks only approval of the sale and not the distribution of the proceeds."

10.     On June 14, 2021, the State Court entered its Order granting the Receiver Sale

Motion (true and correct copy attached hereto as Exhibit __) (the "Receiver Sale Order").  The

Receiver Sale Order states, among other things:

> (2) The Receiver, on behalf of [HPMH] is authorized and instructed
> by the Court to perform or cause to be performed all obligations of
> [HPMH] as set forth in the [Option and Purchase] Agreement; . . .

> (4) All actions taken by the Receiver in connection with the sale of the
> [640-Acre Parcel] pursuant to the purchase option in the [Option and
> Purchase] Agreement are deemed to have been within the scope of
> the Receiver's authority under the Temporary Restraining Order
> (ROA # 17) and the [Receivership Order] (ROA # 66) and ratified by
> the Court; . . .

> (9) The net proceeds of escrow should be disbursed to the
> Receivership Estate; . . .

11.     I am informed and believe that the Receiver's sale of the 640-Acre Parcel to 8 ME

pursuant to the Receiver Sale Order is expected to close on or about August 13, 2021.  The

consummation of such sale would result in the receivership estate usurping some $4 million of

sale proceeds that properly belong to HPMH.  Accordingly, the Debtors have been compelled to

commence these Chapter 11 cases to prevent the loss of their primary asset.[1]

12.     Although HPMH intends to proceed with the sale of the 640-Acre Parcel to 8 ME

pursuant to the Option and Purchase Agreement, it intends to do so through appropriate

procedures in this bankruptcy case, so that the proceeds of such sale inure to HPMH's

stakeholders, rather than to the constituents of the receivership estate in the State Court Action.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.  Executed on this ___ day of August, 2021 in Arlington, Texas.

/s Terry E. Hansen
Terry E. Hansen

---

[1] The Debtors are also appealing the Receiver Sale Order.